IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BACAREE OAKS, 20160-156,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 22-cv-02435-JPG |
| ) | |
| **JACKSON COUNTY JAIL,** ) | |
| **GREG ROWALD,** ) | |
| **and DEA AGENTS,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Bacaree Oaks brings this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331 for deprivations of his due process rights at Jackson County Jail.  (Doc. 1).  In his Complaint, Plaintiff claims he was taken into custody by federal and local officials pursuant to a state warrant for his arrest on October 27, 2021.  (*Id*. at 2-6).  Officer Greg Rowald informed Plaintiff that he would not be processed at the Jail, served with a federal complaint, allowed to contact an attorney, or given permission to post bond until he spoke with a Drug Enforcement Agent, which occurred two days later.  (*Id*.).  He seeks monetary relief for the alleged violations of his due process rights resulting from this delay.  (*Id*. at 6).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a).  Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

**Discussion**

Based on the allegations in the *pro se* Complaint, the Court finds it convenient to designate a single claim in this action:

**Count 1:** Defendants violated Plaintiff's right to due process of law under the Fifth or Fourteenth Amendment by arresting him pursuant to a state warrant and then delaying his processing at the Jail, service with a federal complaint, access to phone calls with an attorney, and permission to post bond until he spoke with Drug Enforcement Agents from October 27-29, 2021.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

**Jackson County Jail and DEA Agents**

Section 1983 and *Bivens* both create a cause of action based on personal liability and predicated upon fault. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (§ 1983); *Del Raine v. Williford*, 32 F.3d 1024, 1047 (7th Cir. 1994) (*Bivens*). The doctrine of *respondeat superior* does not apply in either context. *Id*. In order to establish liability, an individual defendant must have caused or participated in a constitutional deprivation. *Id*. In other words, Plaintiff must identify particular defendants and describe the acts or omissions that caused a violation of his federally protected rights. He must draw a connection between each defendant and his own constitutional deprivation.

Merely listing potential defendants in the case caption is not enough to state a claim against them. Plaintiff lists Jackson County Jail and DEA Agents as defendants but sets forth no allegations or claims against them. Plaintiff does not describe what they did, or failed to do, in violation of his rights. The Court is unable to guess. Plaintiff must provide some context for his

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

claims against each one.  He has not done so in the body of his Complaint, so Count 1 shall be dismissed against Jackson County Jail and DEA Agents without prejudice.

Moreover, Jackson County Jail is not a "person" subject to suit under § 1983 or *Bivens*.  Plaintiff's designation of the county jail may represent an attempt to hold the county liable for his injuries.  *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978).  However, municipal liability arises from the execution of a government policy or custom that causes a constitutional injury.  *Id*.  Plaintiff points to no policy or custom that caused his injuries to occur.  Accordingly, no *Monell* claim survives screening, either.

## Greg Rowald

Greg Rowald is the only defendant who is both named as a defendant and allegedly involved in the events giving rise to this action.  Plaintiff claims that Rowald detained him for two days without processing him at the Jail, serving him with a federal complaint, allowing him to speak with counsel, or allowing him to post bond until he spoke with DEA agents.  Because he is a local official, the claim against him arises under § 1983 and not *Bivens*.  To state a claim under § 1983, a plaintiff must show that: (1) the complained of conduct was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Panfil v. City of Chicago*, 45 Fed. Appx. 528, 532 (7th Cir. 2002) (citations omitted).

The Complaint includes insufficient allegations to support a due process claim.  The Seventh Circuit has held that no due process violation occurs where a person is arrested pursuant to a valid arrest warrant and held for a short time, such as the two-day period that Plaintiff describes.  *See, e.g., Brown v. Patterson*, 823 F.2d 167, 169 (7th Cir. 1978) (no due process violation arose from detention of wrong individual for 24 hours); *Baker v. McCollan*, 443 U.S.

137 (1979) (no due process violation arose from two-day detention of wrong twin brother pursuant to valid arrest warrant); *Panfil*, 45 Fed. Appx. at 532 (no due process violation arose from two-day detention and four-day detention of wrong twin brother arrested pursuant to valid warrant, over protests of the arrestee). After all, "the Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released." *Baker*, 443 U.S. at 145.

The allegations also support no Fourteenth Amendment due process claim against Rowald for the denial of Plaintiff's request to post bond. This claim is undeveloped. Plaintiff did not indicate when he requested permission to post bond, whether and how often he directed the request to Rowald, and the length of the delay in actually posting bond.

Similarly, the Complaint lacks facts necessary to analyze Plaintiff's related claim for denial of access to an attorney. When presented with a Sixth or Fourteenth Amendment claim for denial of the right to counsel, a court must determine: (1) whether the right to counsel attached at the time of the statement or proceeding at issue; (2) if so, whether the accused executed a valid waiver of his right to counsel; and (3) absent a valid waiver, whether the police conduct violated the accused's right to counsel. *Walder v. City of Chicago*, 391 F. Supp. 2d 660, 677 (N.D. Ill. 2005) (citing *United States v. Spruill*, 296 F.3d 580, 585 (7th Cir. 2002)). Under the Sixth Amendment, "an accused person is entitled to counsel at critical stages of a criminal prosecution" such as "any interrogation after the initiation of formal criminal proceedings against the accused." *Id*. at 677-78 (quoting *Brewer v. Williams*, 430 U.S. 387, 398 (1977)). Because Plaintiff describes no statement, interrogation, or proceedings that were actually instituted against him, the allegations state no claim for relief, and Count 1 shall also be dismissed without prejudice against Rowald.

Plaintiff's claims shall be dismissed without prejudice, and Plaintiff will have an opportunity to re-plead his claim in a First Amended Complaint if he would like to proceed with his claims in this case. When preparing a First Amended Complaint, Plaintiff should identify each defendant in the case caption and set forth allegations describing what each defendant did, or failed to do, to violate his constitutional rights. To avoid dismissal with prejudice, he must follow the instructions and deadline in the below disposition.

## Motion for Recruitment of Counsel

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. An indigent plaintiff seeking representation by court-recruited counsel must demonstrate: (a) reasonable efforts to locate counsel on his own; and (b) an inability to litigate the matter without representation. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff has demonstrated no efforts to find counsel on his own. Before filing a new motion for recruitment of counsel, he should call, email, or write at least three attorneys or law firms and request representation in this case. If he is unable to do so, he may ask a family member or friend to complete this task on his behalf. Along with his new motion for recruitment of counsel, Plaintiff should also provide a list of attorneys/firms contacted, dates of contact(s), and responses received, as well as copies of written communications to/from attorneys/firms showing his efforts to find counsel. In the meantime, the Court deems it unnecessary to recruit counsel on his behalf, as Plaintiff's pleadings are coherent, well-organized, and timely. His allegations simply require further factual development before the Court can determine whether Plaintiff can articulate a claim.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted against the defendants. **COUNT 1** against **ALL DEFENDANTS** is **DISMISSED** without prejudice. The Clerk's Office is **DIRECTED** to

**TERMINATE ALL DEFENDANTS** as parties in CM/ECF.

Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **July 20, 2023**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. Plaintiff should label the form "First Amended Complaint" and list the case number for this action (No. 22-cv-02435-JPG) on the first page. To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider along with it. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing within **7 days** of a

transfer or other change in address.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action.  FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED**.

    **DATED: 6/22/2023**                                  s/J. Phil Gilbert
                                                                          **J. PHIL GILBERT**
                                                                          **United States District Judge**