IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BACAREE OAKS, 20160-156,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 22-cv-02435-JPG |
| ) | |
| **GREG ROWALD,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the First Amended Complaint filed by Plaintiff Bacaree Oaks on July 31, 2023. (Doc. 14, pp. 1-17). Plaintiff brings this action against Officer Greg Rowald pursuant to 42 U.S.C. § 1983 for violations of his rights following his arrest on a state warrant and his placement on a federal hold at Jackson County Jail from October 27-29, 2021. Plaintiff claims that Officer Rowald denied his phone access for 48 hours and prevented him from speaking with his family or posting bond in his state criminal case(s) until he was interviewed by Drug Enforcement Agents. He seeks damages of $300-$1,000. *Id.*

The Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**Amended Complaint**

Plaintiff sets forth the below allegations in the Amended Complaint (Doc. 14, pp. 1-17): On October 27, 2021, Plaintiff was arrested pursuant to state warrants issued in Jackson County Case Nos. 2019-CF-000336 and 2021-CF-000226.[1] *Id*. at 5-6, 10-12. His bond was initially set at "$25,000 per charge at 10%." *Id*. at 5, 11-12. Jackson County Sheriff's Prisoner Control Records indicate that Plaintiff was placed on a federal hold on the same date. *Id*. A federal complaint and arrest warrant were issued one day later on October 28, 2021, and Plaintiff was served, fingerprinted, or booked into the Jail on October 29, 2021. *Id*.

For the first 48 hours after his arrest, Sergeant Greg Rowald denied Plaintiff's requests to use the telephone to contact his family in order to post bond. When Plaintiff's family attempted to call him, the sergeant told them that Plaintiff was not "in the system." *Id*. at 5-6. Plaintiff allegedly "had bail on [the] state warrant" and should have been allowed to "bail out." *Id*. But, Sergeant Rowald would not book him into the Jail or allow him to post bond until he met with Drug Enforcement Agents (DEA). Plaintiff does not indicate whether he actually met with the agents or posted bond in his state cases. However, Plaintiff provides a list of phone calls that he was allowed to make when he was booked on October 29, 2021. *Id*. at 13. Plaintiff brings this action against Sergeant Rowald for violations of his rights under the Bail Reform Act, Fifth Amendment, and Fourteenth Amendment. *Id*.

**Discussion**

The Court designates the following counts in the *pro se* Amended Complaint:

**Count 1:** Defendant violated Plaintiff's constitutional rights by denying his requests for post-arrest phone calls with his family on October 27-28, 2021.

---

[1] Both cases are now closed. *See* https://www.juidici.com/courts/cases/case_history (site last visited Nov. 2, 2023). *Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

2

**Count 2:**    Defendant violated Plaintiff's constitutional rights by holding him in Jail for 48 hours without allowing him to post bond in his state case(s) from October 27-29, 2021.

**Count 3:**    Defendant violated Plaintiff's constitutional rights by requiring him to speak with Drug Enforcement Agents following his arrest on state charges while he was also on a federal hold at the Jail from October 27-29, 2021.

**Count 4:**    Defendant violated the Bail Reform Act by conditioning Plaintiff's ability to post bond in his state criminal case(s) on his interview with Drug Enforcement Agents at the Jail from October 27-29, 2021.

**Any other claim that is mentioned in the Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

### Count 1

A temporary deprivation of telephone privileges generally does not violate a person's federal constitutional rights. *Dietzen v. Mork*, 101 F.3d 110, at *2 (7th Cir. 1996) (unpublished) (citing *Harrill v. Blount County*, 55 F.3d 1123, 1125 (6th Cir. 1995) ("The right to make a telephone call immediately upon arrest is not a recognized property right, nor is it a traditional liberty interest recognized by federal law."); *State Bank of St. Charles v. Camic*, 712 F.2d 1140, 1145 n.2 (7th Cir.) ("[T]here is no constitutional requirement that a phone call be permitted upon completion of booking formalities."), *cert. denied*, 464 U.S. 995 (1983)).  The right only attaches when other constitutional rights are implicated, such as the First Amendment right of access to the courts, the Sixth Amendment right to consult with an attorney, or Fourteenth Amendment protections against deprivations of liberty or property without due process of law.[3] *See Tucker v. Randall*, 948 F.2d 388, 390-91 (7th Cir. 1991).  A denial of post-arrest phone access could amount

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").
[3] Although Plaintiff refers to a violation of the Fourteenth Amendment Equal Protection Clause as well, he does not allege that he was singled out for discrimination based on his race, religion, or any other characteristic. This claim is undeveloped, conclusory, and threadbare and considered dismissed without prejudice and without further discussion here.

to a constitutional deprivation, if: (a) it significantly affected the plaintiff's ability to contact his attorney in order to prepare his defense, *Feeley v. Sampson*, 570 F.2d 364, 374 (1st Cir. 1978); or (b) where telephone access was denied almost entirely or on a long term basis with no reasonable relation to a valid security interest, *Duran v. Elrod*, 542 F.2d 998, 1000 (7th Cir. 1996).

In his amended complaint, Plaintiff alleges that the denial of phone access prevented him from calling his family. He needed their help to post bond and obtain pretrial release. Plaintiff does not allege that he was prevented from consulting with an attorney. He also ignores the fact that posting bond during this time period would have made no difference to his custody status, where Plaintiff was subject to a federal detainer at the same time. Temporary denial of the post-arrest phone call supports no claim as alleged, so Count 1 shall be dismissed.

**Count 2**

Plaintiff's related claim for constitutional deprivations stemming from his 48-hour hold also fails. The United States Constitution "does not guarantee that only the guilty will be arrested." *Baker v. McCollan*, 443 U.S. 137, 145 (1979). The Supreme Court explains that "[i]f it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released." *Id*. at 145. When a person is arrested pursuant to a valid warrant, the arrestee may be held for a short time without offending the Constitution. *See Baker v. McCollan*, 443 U.S. at 145 (48 hours); *Brown v. Patterson*, 823 F.2d 167, 169 (7th Cir.) *cert. denied*, 484 U.S. 855 (1987) (24 hours); *Panfil v. City of Chicago*, 45 Fed. Appx. 528, 532 (7th Cir. 2002) (24 and 48 hours). Although the arrestee must be presented to a judge for a bail/bond hearing within a reasonable time of arrest, neither the United States Supreme Court nor the Seventh Circuit Court of Appeals has ever stated that a bail hearing must be held within 48 hours of arrest. *See Mitchell v. Doherty*,

4

37 F.4th 1277, 1289 (7th Cir. 2022) (bail hearing held 68 hours after arrest deemed constitutional). Plaintiff's claim stems from this 48-hour delay.

The Seventh Circuit Court of Appeals recently addressed a similar claim in *Alcorn v. City of Chicago*, -- F.4th --, 2023 WL 6631525 (7th Cir. decided Oct. 12, 2023), a civil rights action brought by the Estate of Tyler Lumar against the City of Chicago and its officers following Lumar's suicide in police custody. Lumar was arrested in Cook County on a state warrant issued in Lee County, and he committed suicide nineteen hours later. *Id*. At the time, he was waiting for a bond hearing. *Id*. The administrator of the estate, Alcorn, argued that Lumar would not have killed himself, had he been released without waiting for his bond hearing. *Id*.

According to Alcorn, Lumar should have been allowed to post bond without delay because the arrest warrant set a bond amount that Lumar could immediately post. His warrant set bond at $500, and he had $100 when he was arrested. Under the Illinois system in place at the time, an arrestee could be released by posting 10% of the bond in cash, and an arrestee could waive a local bond hearing in order to post bond instead. *See* 725 ILL. COMP. STAT. 5/109-2(b). However, a General Administrative Order issued by the Chief Judge of the Circuit Court of Cook County required local bond hearings for anyone arrested on warrants issued in other counties in Illinois. *Id*. Chicago police followed the administrative order when they took Lumar to the Cook County Jail for a local bond hearing the morning after his arrest, and they delayed the hearing after discovering cocaine in his possession. Lumar was returned to the Chicago Police Department to await a later bond hearing and committed suicide before the hearing occurred. Alcorn argued that the police's refusal to let Lumar waive his local bond hearing and post bond allegedly violated Lumar's Fourth Amendment rights. *Id*.

5

The Seventh Circuit Court of Appeals disagreed and held that no Fourth Amendment[4] violation occurred. *Id*. The Court explained that a violation of state law does not permit an award of damages under § 1983. *Id*. (citing *Virginia v. Moore*, 553 U.S. 164, 128 S.Ct. 1598 (2008)). And, federal law does not prohibit presentation of an arrestee to a local judge within a reasonable time that does not exceed the 48-hour bounds set in *Riverside County v. McLaughlin*, 500 U.S. 44, 56 (1991). Lumar's time spent in custody before his presentation for a local bond hearing was reasonable.

The same can be said here. Plaintiff maintains that because his warrant set a bond amount of "$25,000.00 per charge as 10%," *see* Doc. 14, pp. 5, 11-12, he should have been allowed to post bond immediately and leave the Jail. This would have required Plaintiff to waive his bond hearing, which Officer Rowald implicitly prevented him from doing. However, the officer's failure to comply with state law does not support a Fourth Amendment claim, and Plaintiff does not argue that he was held without a bond hearing for a time period that exceeded the limits set in *Riverside*.

More to the point, Plaintiff's release on bond in the state case(s) would not have effectuated his release from jail during the relevant time period. Plaintiff was placed on a federal hold on the same day he was arrested, *i.e.*, October 27, 2021, and the hold remained in effect until October 29, 2021, when he was served with the federal complaint and booked into the Jail. In light of these facts, Plaintiff has failed to state any claim for relief. Count 2 shall also be dismissed.

### Count 3

Plaintiff maintains that his Fifth Amendment rights were violated by Officer Rowald's conditioning of bond on his interview with the DEA. According to the Fifth Amendment, no person "shall be compelled in any criminal case to be a witness against himself." U.S. CONST.

---

[4] The Fourth Amendment is made applicable to state actors through the Fourteenth Amendment.

Amend. V. A claim for a Fifth Amendment violation of this right against self-incrimination accrues when an accused's statement, obtained through coercion or without *Miranda* warnings,[5] is introduced into evidence at trial and used to convict him of a crime. *Johnson v. Winstead*, 900 F.3d 428, 434 (7th Cir. 2018) (citing *Chavez v. Martinez*, 538 U.S. 760, 767 (2003)); *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1026-27 (7th Cir. 2006)). Plaintiff does not develop this claim at all, and the claim appears premature. He does not indicate whether he interviewed with the DEA, whether he made incriminating statements during the interview, or whether any statements were used to convict him of any crime. However, the Court notes that Plaintiff's federal criminal case is currently pending, *United States v. Oaks*, Case No. 21-cr-40070-JPG (S.D. Ill.), and trial has not yet occurred. Plaintiff's failure to develop this claim may stem from the fact that no claim has accrued. Count 3 shall be dismissed for failure to state a claim.

### Count 4

Plaintiff also challenges his detention and DEA interview as a violation of the Bail Reform Act, which supplies the statutory framework for decisions about pretrial detention and release in criminal cases. *See United States v. Storme*, -- F.4th --, 2023 WL 6819982 (7th Cir. decided Oct. 17, 2023). However, a person who challenges his detention pending trial should do so in a motion filed by his criminal defense attorney in the pending criminal case. *See Placencia v. Sheriff, Noble County Jail*, 2021 WL 601518, at *1 (N.D. Ind. Jan. 5, 2021) (argument that arresting officer violated the plaintiff's due process and Fourth Amendment rights by detaining him pending trial must be made by criminal defense attorney in a pretrial motion in his criminal case). As already

---

[5] The *Miranda* warning is a "prophylactic measure to prevent violations of the right protected by the text of the Self-Incrimination Clause—the admission into evidence in a criminal case of confessions obtained through coercive custodial questioning." *Chavez v. Martinez*, 538 U.S. 760, 772 (2003). An officer's failure to issue the *Miranda* warning, itself, is not a violation of the Fifth Amendment and "cannot [provide] grounds for a [Section] 1983 action." *Johnson v. Winstead*, 900 F.3d 428, 431 (7th Cir. 2018) (citing *Chavez*, 538 U.S. at 772). Self-incrimination occurs when "a suspect's unlawfully obtained inculpatory statement is used against him in a criminal case." *Winstead*, 900 F.3d at 434 (citing *Chavez*, 538 U.S. at 767).

7

noted, Plaintiff's federal criminal case is currently pending, *United States v. Oaks*, Case No. 21-cr-40070-JPG (S.D. Ill.), and he should consult with his criminal defense attorney to determine whether to file a motion there.  Count 4 shall be dismissed for failure to state a claim upon which relief may be granted in this civil rights case.

## Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 14) is **DISMISSED** with prejudice against **OFFICER ROWALD** for failure to state a claim upon which relief may be granted.  **COUNTS 1 through 4** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  Plaintiff is **ADVISED** that this Court counts the dismissal as one of his three "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS ORDERED** that Plaintiff's Motion for Recruitment of Counsel (Doc. 15) is **TERMINATED**.

Plaintiff is also **ADVISED** that his obligation to pay the filing fee for this action was incurred when he filed the action; the filing fee of $350.00 remains due and payable.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment.  FED. R. CIV. P. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  Finally, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than

twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 11/2/2023**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
